**HEAVY CONTRACTORS ASSOCIA-TION, INC., a corporation, Plaintiff,**

v.

**INTERNATIONAL UNION OF OPERAT-ING ENGINEERS, AFL-CIO, LOCAL 571, an unincorporated association, Defendant.**

**Civ. No. 71-0-244.**

United States District Court,
D. Nebraska.

June 15, 1971.

Malcolm D. Young and John G. Liakos, Omaha, Neb., for plaintiff.

David D. Weinberg and Maynard H. Weinberg, Omaha, Neb., for defendant.

## MEMORANDUM

DENNEY, District Judge.

This matter comes before the Court on complaint of the plaintiff, praying that defendant be compelled to submit proposals to the plaintiff within the framework of Executive Order No.

11588, that defendant be compelled to exhaust its available administrative remedies and that a permanent injunction issue enjoining defendant from engaging in any work stoppage or strike [Filing #1] and a motion of defendant to dismiss [Filing #4]. This Court did issue, on June 11, 1971, a temporary restraining order based on the verified complaint and supporting affidavit of the plaintiff, pending hearing on plaintiff's complaint on June 14, 1971 [Filing #2].

The plaintiff asserts that "jurisdiction is conferred [upon this Court] by the laws of the United States regulating commerce, 28 U.S.C.A. § 1337, and particularly the Economic Stabilization Act of 1970, P.L. 91–379, 84 Stat. 799, as amended," and that "this is an action arising under and subject to the Economic Stabilization Act of 1970, P.L. 91–379, 84 Stat. 799, as amended, and the Presidential Executive Order No. 11588 promulgated thereunder."

■ It is the opinion of this Court that it was the intent of the Economic Stabilization Act and the Presidential Executive Order that the Construction Industry Stabilization Committee should review all contracts, private and federally related.

■ The Court, having studied this matter at length and carefully listened to the arguments of counsel, finds that defendant's motion to dismiss should be sustained.

In particular, 28 U.S.C.A. § 1337 pertains to jurisdiction of the federal district courts in any civil action arising under Acts of Congress protecting trade and commerce against restraints and monopolies. To see whether this is such a civil action arising under such an Act of Congress, the Court will be required to examine the Economic Stabilization Act of 1970, 84 Stat. 799, as amended, and the Executive Order, No. 11588, issued by President Nixon pursuant to that Act.

First, the executive order provides, in Section 4, that the Construction Industry Stabilization Committee (hereafter Committee) previously established in the order, is authorized to find that a proposed wage increase violates the guidelines of the order and upon such a finding may, by virtue of Section 5, take the following actions: (a) in implementing the Davis-Bacon Act, any wage increase found unacceptable shall not be taken into consideration and (b) in order to assure that unacceptable wage increases are not utilized in federal or federally-related construction, federal agencies will review their contracts and proposed construction; (c) the Committee will make public its findings; and (d) any other action available by law shall be available to the Secretary of Labor.

Thus, the Executive Order and its remedies deal only with the instance where an illegal wage increase is about to be implemented, not as in the case at bar where no wage increase at all has been agreed to by the parties, even though a strike situation is present. All administrative procedures, remedies provided in the order are post-agreement in nature. There are no provisions for mandatory submission of wage proposals meeting the amount guidelines of the Executive Order to the other bargaining party. In fact, neither party will know if the contract that the parties agree to actually does meet those guidelines until the Committee so rules, such authority being vested in the Committee, in Section 4(a).

Nowhere in the Executive Order itself is there a provision allowing for injunctive relief and, although the Economic Stabilization Act of 1970 provides in Section 205 for injunctive relief in general, it again is specifically limited to those cases where an "agency of the United States, authorized by the President to exercise the authority contained in this section * * *" is seeking such relief. In the case at bar, the plaintiff is not such an agency but, on the contrary, a private party.

In short, this Court is not going to fill in the voids in the law where there has

been no legislative or executive intent shown. Here, where neither the Act nor the Executive Order provides for the type of relief sought, this Court must sustain defendant's motion to dismiss.